IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02267-BNB

CRAIG D. WILLIAMSON,

      Plaintiff,

v.

MAJOR V. CONNORS, Operations,
MAJOR M. THAN, Operations,
CAPTAIN ROMERO, 3rd Floor Team Leader,
SERGEANT N. SICH, 3rd Floor Team Leader,
SERGEANT ESPANOZA, 3rd Floor Team Leader,
SERGEANT B. HALL, 3rd Floor Team Leader,
DEPUTY SHERIFF NESTER, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF S. CREWS, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF CLARK, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF A. GONZALES, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF JONES, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF J. BOYD, 3rd Floor Unit 3C Supervisor,
DEPUTY SHERIFF F. ROMERO, 3rd Floor Corridor Supervisor,
REGISTERED NURSE CARMEN, Medical Secretary,
REGISTERED NURSE KAROL, Medical Supervisor of Nurses, and
DEPUTY SHERIFF DUFFY, Property,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Craig D. Williamson, acting *pro se*, has filed a Prisoner Complaint

pursuant to 42 U.S.C. § 1983 asserting that his First, Fourth, Fifth, and Fourteenth

Amendment rights have been violated.  Mr. Williamson also asserts that Defendants

have violated 18 U.S.C. §§ 241 and 242.  Mr. Williamson is in the custody of the

Colorado Department of Corrections and currently is incarcerated at the Denver

Reception and Diagnostic Center.  At the time Mr. Williamson filed this action, he was

detained at the Denver County Van Cise-Simonet Detention Center in Denver, Colorado.

The Court must construe the Complaint liberally because Mr. Williamson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Complaint because Mr. Williamson is a prisoner and the Defendants are officers or employees of a governmental entity and to dismiss the Complaint, or any portion of the Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915A(b)(1).

Overall, Mr. Williamson asserts that (1) his mother came to the Van Cise-Simonet Detention Center on July 29, 2010, to drop off his prescription glasses; (2) Defendant Deputy Sheriff Clark logged the prescription eyeglasses in on a property inventory list; but (3) he did not receive the eyeglasses. Specifically, in Claims One,

2

Two, and Three, Mr. Williamson asserts that Defendants were negligent, derelict in their duty, and malfeasant in violation of 18 U.S.C. § 241, and that they conspired to deprive him of his rights under color of state law in violation of 18 U.S.C. § 242 when they (1) lost his prescription eyeglasses; (2) failed to follow any protocol for cataloging, storing, and forwarding the eyeglasses; and (3) failed to conduct a proper investigation to determine how or when the eyeglasses were lost. In Claim Four, Mr. Williamson asserts that Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights when they failed to provide an explanation regarding the loss of his eyeglasses. Mr. Williamson further asserts that Defendants have not provided a statement of facts, video camera tapes, or log entries that would indicate they conducted an investigation about the loss of his eyeglasses.

As a pretrial detainee, Mr. Williamson may retain some Fourth Amendment protection against unreasonable searches and seizures. *See United States v. Willoughby*, 860 F.2d 15 (2nd Cir. 1988), *cert. denied*, 488 U.S. 1033 (1989). Nonetheless, the facts of this case do not support a Fourth Amendment claim. Mr. Williamson does not claim that he had possession of the eyeglasses and that Defendants confiscated the glasses while searching him or his cell. Mr. Williamson's Fourth Amendment claim, therefore, is legally frivolous and will be dismissed.

With respect to Mr. Williamson's Fifth and Fourteenth Amendment claims, the Fifth Amendment is applied to the states through the Fourteenth Amendment. Mr. Williamson's denial of due process claim, therefore, is more properly asserted pursuant to the Fourteenth Amendment. Nonetheless, Mr. Williamson's claims for confiscation

and loss of personal property lack merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Williamson clearly alleges that he was deprived of property. However, he does not allege that Defendants acted intentionally to deprive him of his property. Therefore, there is no constitutional violation because Mr. Williamson fails to allege and there is no indication in the Complaint that the loss of his personal property was the result of anything other than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").

Even if Mr. Williamson did allege that prison officials intentionally discarded his property, an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). Mr. Williamson concedes that a grievance procedure exists at the Van Cise-Simonet Detention Center, which he utilized. The fact that Mr. Williamson's grievances were denied does not itself demonstrate a violation of a constitutional right or an inadequate remedy. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008). Mr. Williamson also is not able to state a denial of due process based on his belief that Defendants

4

failed to conduct a proper or adequate investigation regarding the loss of his eyeglasses. Therefore, Mr. Williamson's due process claim also is legally frivolous and will be dismissed.

Mr. Williamson's First Amendment claim appears to assert a denial of access to the courts. Although Mr. Williamson contends that Defendants "stripped" him of his ability to present the loss of his eyeglasses to a "higher tribunal" when they failed to provide him with any evidence that they conducted an adequate investigation to find out what happened to this glasses, he does not assert that he attempted to pursue his loss of property claim in state court but was denied access to the state court to do so. A lack of evidence alone does not support a finding that Mr. Williamson was denied access to state court to present his claim. *See Casey v. Lewis*, 518 U.S. 343, 351-55 (1996) (A prisoner must demonstrate an actual injury from interference with his access to the courts by showing that he was frustrated or impeded in his efforts to pursue a nonfrviolous legal claim concerning his conditions of confinement.) Therefore, Mr. Williamson's access claim is legally frivolous and also will be dismissed.

Finally, Mr. Williamson asserts jurisdiction pursuant to 18 U.S.C. §§ 241 and 242. There is no private cause of action under either § 241 or § 242. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D.

5

Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). The assertion of jurisdiction under 18 U.S.C. §§ 241 and 242 is legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Plaintiff's Motion for Pre-Trial Discovery (Doc. No. 14) is denied as moot.

DATED at Denver, Colorado, this 3rd day of ___December___, 2010.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02267-BNB

Craig Williamson
Prisoner No.  107895
DRDC
P.O. Box 392004
Denver, CO 80239

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/3/10

                                                 GREGORY C. LANGHAM, CLERK

                                       By:_____
                                               Deputy Clerk